

Villanova University School of Law

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2006

# Swandani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1396

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Swandani v. Atty Gen USA" (2006). *2006 Decisions*. Paper 408.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/408

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1396
_____


PANDE SWANDANI; UMAR SATIR,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent


_____

ON PETITION FOR REVIEW
OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS
(Agency Nos. A79-672-955 & A79-672-954)
_____

Submitted Under Third Circuit LAR 34.1(a)
September 27, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed September 28, 2006)

_____

OPINION
_____


PER CURIAM

Pande Swandani and her husband Umar Satir, natives of Indonesia, entered the United States in May 2000 as visitors. On June 20, 2002, they were charged as removable for overstaying their admission period. They conceded removability and applied for asylum, withholding of removal, and relief under the Convention against Torture (CAT). They argued that they were persecuted in Indonesia based on their religion and race. After a hearing, the IJ found the asylum applications to be untimely, denied withholding and relief under the CAT, and ordered petitioners removed to Indonesia. The BIA adopted and affirmed the decision of the IJ. Petitioners filed a timely petition for review.

Generally, we lack jurisdiction to review a decision by the IJ or the BIA that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). Petitioners do not raise any questions of law or constitutional claims or even address the issue of the timeliness of their asylum applications in their brief. Thus, we lack jurisdiction to review the determination that petitioners' asylum applications were untimely.

We have jurisdiction under 8 U.S.C. § 1252 over the BIA's denial of withholding of removal and relief under the CAT. The BIA's decision should be reversed only if the record permits but one reasonable conclusion which was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). At their hearing, petitioner

Swandani testified that in 1997 a man wielding a knife attacked them in their home.  She also described an incident in which she was robbed and almost raped after attending a protest in May 1998.  The incidents petitioner described do not rise to the level of persecution.  Lie v. Ashcroft, 396 F. 3d 530, 536 (3d Cir. 2005)("[T]wo isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, [are] not sufficiently severe to be considered persecution.")

Petitioners have not shown that the record compels a finding that their lives would be threatened or they would be tortured if removed to Indonesia so as to entitle them to withholding of removal or relief under the CAT.  Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).  Accordingly, we will deny the petition for review.